UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAYPHONE PHANHOUVONG,

Petitioner,

v.

KRISTI NOEM, et. al.,

Respondents.

No.  1:26-cv-02147-DC-DMC-HC

ORDER

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the Court is Respondents' ex parte motion to modify no transfer order to allow Respondents to execute Petitioner's final order of removal. See ECF No. 5.

As a preliminary matter, the undersigned recognizes and appreciates Respondents' diligence in refraining from effectuating Petitioner's removal given this Court's no transfer order issued in ECF No. 4, despite the fact that Petitioner had already been transferred out of the district prior to this Courts' order.

Under 8 U.S.C. 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. 1252(g). However, "district courts retain jurisdiction under 28 U.S.C. § 2241

1

to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez- Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). See Kovalchuk v. Martinez, No. 1:26-cv-00978-JLT-SKO (HC), 2026 LX 192110 (E.D. Cal. Mar. 19, 2026); Gurrola v. Cruz, No. 1:25-cv-02078-JLT-HBK (HC), 2026 LX 80207 (E.D. Cal. Feb. 20, 2026).

Respondents contend that "'*any* issue— whether legal or factual—arising from *any* removal-related activity can be reviewed only through the [petition-for-review] process.'" ECF No. 6, pg. 3 (quoting J.E.F.M. v. Lynch, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis in original). The undersigned finds reliance on J.E.F.M. is misplaced.  Here, Petitioner's petition for writ of habeas corpus does not on its face challenge the removal order against Petitioner. See ECF No. 1. Petitioner states in his petition that he "has fully cooperated with the Respondents in their effort to remove him." Id. at 1. Further, Petitioner's prayer for relief does not request relief from the order of removal. Id. at 5. In accordance with the Ninth Circuit's more recent holding in Lopez- Marroquin, at this juncture, the undersigned finds that Petitioner's claims to be independent of the merits of his removal order.

Respondents contend that this Court "lacks jurisdiction to enjoin respondents from removing Petitioner," citing Rauda v. Jennings, 55 F.4th 773, 776-79 (9th Cir. 2022), in support. ECF No. 5, pg. 2. Respondents argue that "if the Court grants a preliminary injunction, it should not include a prohibition on the removal of Petitioner." Id. However, the Court in Rauda was addressing preliminary injunctions, which are not at issue here. Petitioner has not sought a preliminary injunction nor was this Court's prior order a preliminary injunction. Further, in Rauda, the District Court denied a motion for a temporary restraining order, citing jurisdiction limits under 8 U.S.C. 1252(g), but granted a "five-day administrative stay so that [the Ninth Circuit] could hear Matias's appeal." Rauda , 55 F.4th at 776.

Thus, the undersigned finds that its prior order directing Respondents to not move Petitioner from this jurisdiction, ECF No. 4, is more akin to the administrative stay the District Court issued in Rauda, than an injunction. See also Nken v. Holder, 556 U.S. 418, 430 (2009) (holding that the plain language of § 1252 indicates that Congress limited jurisdiction to impose

an injunction, but the act's silence as to jurisdiction to issue stays indicates Congress was not limiting jurisdiction to impose a stay).

The undersigned finds the factors to determining whether a stay is appropriate, as applied in Nken, are instructive and weigh in favor of maintaining the Court's prior order pending the resolution of Petitioner's petition on the merits. Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken, 556 U.S. at 434 (2009) (internal citations omitted).

As to the first factor, the undersigned finds there is a strong showing that Petitioner is likely to succeed on the merits. Petitioner entered the country with refugee status, which was subsequently terminated, and Petitioner was ordered removed in 2008. Despite this, Petitioner was released on March 12, 2013, under an order of supervision. Petitioner has remained out of custody since then and has not attempted to seek lawful status. Respondents waited 18 years and 11 days to effectuate Petitioner's removal. This Court does not have jurisdiction to review the delay in effectuating Petitioner's removal. See Rauda v. Jennings, 55 F.4th 773, 777 (9th Cir. 2022) (holding "§ 1252(g)'s jurisdictional bar on claim[s] ... arising from the decision or action by the Attorney General to ... execute removal orders does not include any temporal caveats.")(internal citations omitted). However, this long delay indicates to the undersigned that Petitioner's claim that his detention violates due process has merit.

Next, Petitioner has shown that he would be irreparably harmed absent an order preventing Petitioner's removal pending resolution on the merits, not because Petitioner may be removed to Laos, but because, according to Petitioner, he has been threatened that "if he would return to Laos they would chop off his head." ECF No. 1, pg. 4. As to the third factor, the undersigned finds that Respondents 18 years and 11 day delay in effectuating Petitioner's removal demonstrates that Respondents would not be substantially injured by waiting until the prompt resolution of petitioner's claims on their merits. Finally, the undersigned finds that because Petitioner remains detained until the resolution of his petition, public interest does not

weigh against nor for preventing Respondents from removing Petitioner until the merits of his petition have been addressed.

Thus, the undersigned will deny Respondent's motion and the order issued in ECF No. 4 remains in effect.  However, in light of Respondents' request and that the travel documents they received from Laos expire within 90-days, the undersigned will vacate the briefing schedule and issue an expedited briefing schedule herein.

In accordance with the above, IT IS HEREBY ORDERED that:

1.    Respondents' motion, ECF No. 5, is DENIED;

2.    The schedule issued in ECF No. 4, is VACATED;

3.    Respondent is directed to file an answer/return within 7 days from the date of this order. If an answer/return is filed, Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application, specifically Petitioner's March 12, 2013, order of supervision

4.    Petitioner's reply/traverse, if any, is due within 5 days after being served a copy of Respondent's answer/return.

5.    In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

Dated:  March 30, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4