UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAYPHONE PHANHOUVONG,
A-025-142-781,

    Petitioner,

  v.

KRISTI NOEM, et. al.,

    Respondents.

No.  1:26-cv-02147-DC-DMC (HC)

ORDER ADOPTING IN PART AND
DECLINING IN PART FINDINGS AND
RECOMMENDATIONS

(Doc. Nos. 10, 12)

Petitioner, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On April 15, 2026, the magistrate judge filed findings and recommendations which were served on the parties. (Doc. No. 10.) On April 22, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 11.) In the findings and recommendations, the magistrate judge found that Immigrations and Customs Enforcement ("ICE") complied with the notice and interview requirements under the applicable regulation, 8 C.F.R. § 241.13(i), in revoking Petitioner's release. (Doc. No. 10 at 5.) Specifically, the magistrate judge found that Petitioner "was provided notice of the revocation of his release on January 27, 2026, for the purposes of effectuating his removal and because ICE was 'seeking a travel document to effect

1

your expeditious removal to Laos,'" and that "Petitioner was provided an informal interview upon revocation of his order of supervision on that same day." (Doc. No. 10 at 5.) The court agrees with these findings, and thus, will adopt them.

However, the court will decline to adopt the magistrate judge's finding that Respondents did not follow the certain other requirements of 8 C.F.R. § 241.13(i) and 8 C.F.R. § 241.4(l)(2), namely the requirements that an authorized official make the decision to revoke Petitioner's parole and make the requisite findings to do so. (Doc. No. 10 at 6.) First, Petitioner does not argue in his petition that ICE Field Officer Director Orestes Cruz lacked the authority to revoke his release under 8 C.F.R. § 241.4(l)(2) as a matter of discretion, nor that the Field Office Director did not make the requisite findings in revoking Petitioner's release. Instead, the immigration documents demonstrate that prior to re-detaining Petitioner, ICE determined that circumstances changed such that Petitioner was likely to be removed to Laos in the reasonably foreseeable future. (Doc. No. 8-6 at 2.) Petitioner also does not assert any specific reasons why the revocation of his release was unauthorized under 8 C.F.R. § 241.4(l)(2). Further, the government has already obtained Laos travel documents for Petitioner on at least two separate occasions since his re-detainment. (Doc. Nos. 8 at 2; 12.) Additionally, as the magistrate judge points out, "there is no evidence in the record that Petitioner filed for withholding of removal or protection under the Convention Against Torture based on his claim that he fears torture if returned to Laos." (Doc. No. 10 at 3.) Accordingly, the court will decline to adopt the magistrate judge's recommendation to grant the petition, and the court will instead deny the Petitioner's petition for a writ of habeas corpus.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304(f), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court will adopt in part and decline in part the findings and recommendations.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    The findings and recommendations filed April 15, 2026 (Doc. No. 10) are ADOPTED IN PART and DECLINED IN PART as described above;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;

2

3.     Respondents' motion for the court to accept supplemental documents (Doc. No. 12) is GRANTED; and

4.     The magistrate judge's prior order (Doc. No. 7) issued on March 30, 2026, which provided "Respondent[s] shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court" is no longer applicable due to the fact that Petitioner's petition for a writ habeas corpus has been resolved by this order; and

5.     The Clerk of the Court is directed to enter judgment in favor of Respondents and close this case.

IT IS SO ORDERED.

Dated:   __**July 1, 2026**__

Dena Coggins
United States District Judge

3